Filed 8/31/22  P. v. Montoya CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CARLITO MONTOYA,<br><br>Defendant and Appellant. | C094240<br><br>(Super. Ct. No. 13F00205) |

Defendant Carlito Montoya shot four people on New Year's Eve during a confrontation that originated at a sports bar when another person at the bar spilled a drink.  A jury found him guilty of two counts of first degree murder, one count of attempted premeditated murder, and one count of assault with a firearm.  The jury also determined that these offenses were committed for the benefit of a street gang and that defendant used a firearm within the meaning of Penal Code sections 12022.53,

subdivision (d)[1] and section 12022.5, subdivision (a).  (*People v. Montoya* (June 4, 2019, C082283) [nonpub. opn.] (*Montoya*).)

"On each of [defendant's] murder convictions, the trial court sentenced him to life without the possibility of parole plus 25 years to life pursuant to section 12022.53, subdivision (e)(1), which punished [him] for both the gang and gun enhancements attached to those counts.  The court also sentenced him to the midterm of seven years to life for the attempted murder plus 25 years to life pursuant to section 12022.53, subdivision (e)(1).  As for the assault with a firearm conviction, the court sentenced [defendant] to the upper term of four years plus the upper term of 10 years for the gun enhancement (§ 12022.5, subd. (a)) and five years for the gang enhancement (§ 186.22, subd. (b)(1)(B))."  (*Montoya, supra*, C082283.)

In defendant's first appeal, a different panel of this court determined that insufficient evidence supported the gang enhancements, requiring that they be stricken. Further, because the trial court utilized the gang enhancements to impose the sentence for the section 12022.53 firearm enhancements under subdivision (e)(1), resentencing was required in order for these enhancements to be imposed under section 12022.53, subdivision (d), and for the court to decide whether to strike the section 12022.53 and section 12022.5 firearm enhancements in light of the legislative changes vesting the court with that previously unavailable authority.  (See §§ 12022.5, subd. (c), 12022.53, subd. (h), as amended by Senate Bill No. 620 (Reg. Sess. 2017-2018) (Stats. 2017, ch. 682, §§ 1-2).)

Defendant now appeals from the trial court's imposition of firearm enhancements under section 12022.53, subdivision (d) and section 12022.5, subdivision (a), as well as the court's decision not to strike any of his firearm enhancements.  Defendant argues the

---

[1]     Undesignated statutory references are to the Penal Code.

court's animus towards the legislative sentencing changes shows that it did not exercise impartial discretion. He also identifies several errors in the indeterminate and determinate abstracts of judgment, including the trial court's failure to memorialize the striking of the five-year gang enhancement originally imposed as part of defendant's determinate sentence.

On May 19, 2022, we issued an order for supplemental briefing, requesting the parties' address: (1) whether "the trial court's action upon remand [should] be characterized as a resentencing, or a mere refusal to exercise its discretion under the amended law"; and (2) whether "defendant [is] now entitled to the benefits of ameliorative legislative changes that have gone into effect during the pendency of this appeal."

In response, defendant argues the proceeding below constituted a resentencing entitling him to retroactive application of certain ameliorative legislative changes passed in October of 2021, requiring remand for another resentencing. The People concur the abstracts of judgment require correction, but otherwise oppose defendant's arguments. As we shall explain, we conclude that the trial court on remand conducted a resentencing, thus entitling defendant to the ameliorative benefits of legislative changes that have gone into effect during the pendency of this appeal. In light of this conclusion, we need not address defendant's complaints concerning the trial court's most recent exercise of discretion. Accordingly, we will vacate defendant's sentence and remand for another resentencing consistent with this decision.

BACKGROUND

A. *The original proceedings*

Given the limited scope of defendant's appeal, we will not reiterate the facts as proven at defendant's trial and recited in our prior opinion, but will incorporate them herein by reference. As noted in the introduction, defendant appealed his convictions and

3

lengthy prison sentence, and we agreed that insufficient evidence supported the gang enhancements against him, requiring that they be stricken.

Moreover, because defendant's three 25-year-to-life firearm enhancements had been imposed pursuant to a subdivision—subdivision (e)(1)—that relied upon the stricken gang enhancements, we previously determined that defendant was entitled to remand for resentencing. We reasoned: "We agree with the parties that the amendments to sections 12022.5 and 12022.53 apply to [defendant]. (*People v. Woods* (2018) 19 Cal.App.5th 1080, 1090-1091.) We need not determine what the court would have done had it known of its discretion, *as we have stricken [defendant's] gang enhancements entitling him to resentencing*. Under sections 12022.5, subdivision (c) and 12022.53, subdivision (h), a court may exercise its newly granted discretion upon 'resentencing that may occur pursuant to any other law.' When the court originally sentenced [defendant], it imposed the gang and gun enhancements for the murders and attempted murder together pursuant to section 12022.53, subdivision [(e)]. He received 25 years to life for each of these enhancements. *Now that the gang enhancements have been stricken, [defendant] must be sentenced pursuant to section 12022.53, subdivision (d)*, which also provides for 25 years to life but does not also punish for the gang enhancement. Given that the penalty is the same but a key finding (gang benefit) need not be shown, *it is not at all clear what the trial court would do in this instance* and whether it would find that using a gun deserves as much punishment as using a gun for the benefit of a criminal street gang. For this reason, [defendant's] case must be remanded for the court to exercise its discretion whether to strike the gun enhancements." (*Montoya, supra*, C082283, italics added.)

Accordingly, our previous disposition stated in pertinent part: "The true findings on [defendant's] gang enhancements are stricken. His case is remanded to the trial court so the court may exercise its discretion under sections 12022.5, subdivision (c) and 12022.53, subdivision (h) and for [defendant] to demonstrate his inability to pay the court

4

facilities fee (Gov. Code, § 70370) and court operations fee (§ 1465.8). The judgment is otherwise affirmed." (*Montoya, supra*, C082283.)

B. *The proceedings on remand*

As relevant to the issues defendant raises in the instant appeal, following remand, defendant filed briefs containing multiple exhibits and documentation in support of his request that the trial court strike one or more of the firearm enhancements. Included within these filings was evidence concerning his traumatic childhood and his positive strides taken while incarcerated. The People opposed defendant's request.

At the June 11, 2021 hearing, the trial court initially dealt with defendant's fine and fee challenges and then moved on to the gun enhancements. Defendant stressed the length of his aggregate sentence and that the court's exercise of discretion would not ultimately impact the amount of time that defendant would serve. Defendant then highlighted his traumatic childhood, positive behavior while incarcerated, and relatively insignificant criminal history leading up to the crimes. Accordingly, he requested the court exercise its discretion to strike all or some of the firearm enhancements.

In response, the People argued there was nothing about defendant or the crime that would justify the striking of any of the firearm enhancements, highlighting that defendant had killed two people, attempted to kill a third, and shot at a fourth, all over the accidental spilling of a drink. Moreover, defendant's childhood and behavior while incarcerated at the jail and then in prison did not overcome the strong aggravating factors in the case. In light of the stricken gang enhancements, the five-year sentence previously imposed on count four would be gone. Accordingly, the People urged the new aggregate sentence should be "82-years-to-life again consecutive to a determinant term of 14 years."

The trial court's ruling began by highlighting its "obligation to consider the remittitur and to consider the change in law." Moreover, the ultimate determination would be "based on an individualized evaluation of [defendant's] situation including his

5

character, prospects, the facts and circumstances of this crime, his behavior while in custody and since this conviction." This included defendant's childhood.

Notwithstanding this individualized inquiry, the trial court "bemoan[ed]" the "change in [the] rules" and its tendency to undermine guidelines/norms and weaken expectations and institutions. Nonetheless, the court acknowledged that it was "not going to say that we were right at the time and it is never going to change or we are always right, if something is wrong then it needs to be changed." However, the court warned that weakening norms leads to chaos, which in turn leads to people making up their own rules, and "[t]o the extent the legislature participates in this, then they are part of the problem."

The trial court then engaged in the analysis of defendant's case, highlighting "the incredible violence that [defendant] inflicted entirely unnecessarily out of nothing more than pride, a sense of being right is not enough. It is only enough if you win, if you overcome, if you subject somebody else to your will, to your violence." Further, the court noted that, on balance, defendant's good behavior in prison did not justify a change in his sentence and commented that the victims' families were entitled to closure from a legal community perspective to allow them to "direct their healing to themselves and to their families."

Finally, the trial court concluded that it would not exercise its discretion to "resentence" defendant without the section 12022.53, subdivision (d) firearm enhancements, and it was the court's intention to "confirm" Judge Meegan's sentence. However, the court inquired whether the People believed the "remittitur require[d] resentencing" or if the original sentence without the gang factors would stand if the court did not exercise its discretion to strike the firearm enhancements. The People then posited that remittitur limited itself to the enhancements, specifically whether: (1) to impose a term of 25 years to life pursuant to section 12022.53, subdivision (d); (2) to impose the 10-year upper term pursuant to section 12022.5, subdivision (a); or (3) to

6

exercise the discretion to strike the punishment for any of those enhancements. Defendant declined an invitation to comment on the appropriate scope of remittitur.

Ultimately, the trial court elected not to strike any of the firearm enhancements or to sentence defendant to "anything other than 245(a)(2)," and assuming the court had the discretion to change the section 12022.53 subdivision (d) enhancements into section 12022.5 enhancements, the court likewise declined to exercise such discretion. The court then concluded, "So our record should be clear that [the court] declined to exercise the [c]ourt's discretion to sentence [defendant] to anything other than what he has been sentenced to regarding the gun enhancements." Defendant timely appealed.

## DISCUSSION

Defendant challenges the trial court's most recent exercise of discretion vis-à-vis the firearm enhancements. However, assuming without deciding that the trial court did not abuse its discretion in electing not to strike or reduce the firearm enhancements, this does not end the inquiry.

Because we previously struck defendant's gang enhancements, the section 12022.53, subdivision (e) enhancement terms premised upon the gang enhancements necessarily fell as well. This means that the trial court on remand could not have simply considered whether to strike the firearm enhancements. Rather, it had to affirmatively decide whether to impose terms for the section 12022.53 enhancements under a subdivision other than subdivision (e), and it did so by imposing the firearm enhancements under subdivision (d). This is consistent with our previous opinion's discussion of the firearm enhancements,[2] as well as the People's argument to the trial court at the June 11, 2021 hearing.

---

[2] We stated in pertinent part, "We need not determine what the court would have done had it known of its discretion, as we have stricken [defendant's] gang enhancements, entitling him to resentencing." (*Montoya, supra*, C082283.)

7

In light of our striking the gang enhancements and its implications requiring the affirmative imposition of new terms for the section 12022.53 enhancements, it is clear to this court that defendant was affirmatively *resentenced* at the June 11, 2021 hearing. (See, e.g., *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "]; *People v. Walker* (2021) 67 Cal.App.5th 198, 205 [trial court is required, consistent with *Buycks*, to conduct a full resentencing where part of the sentence has become incorrect by the time of a resentencing on remand to correct another sentencing issue].) Accordingly, we issued an order for supplemental briefing requesting that the parties address the procedural stance of the case and the applicability of certain ameliorative benefits passed into law in October 2021, which are now effective. We now conclude that the vacating of defendant's sentence and remand for resentencing is required.

The Governor signed Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567) and Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695) (Assembly Bill 124) on October 8, 2021. These bills became effective January 1, 2022 (Cal. Const., art. IV, § 8, subd. (c)), and make changes affecting the trial court's sentencing discretion in selecting one of the triad terms under section 1170, subdivision (b) and section 1170.1, subdivision (d). (Stats. 2021, ch. 695, § 5.3 [Assembly Bill 124]; Stats. 2021, ch. 731, §§ 1.3, 2 [Senate Bill 567].) However, because Senate Bill 567 was the last bill signed by the Governor and bears the higher chapter number, its amendments prevail over those specified in Assembly Bill 124. (Gov. Code, §§ 9510, 9605, subd. (b); *In re Thierry S*. (1977) 19 Cal.3d 727, 738-739.)

Among other things, section 1170, subdivision (b)(6) provides that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall

8

order imposition of the lower term," if, as defendant asserts may be pertinent here, the trial court finds an offender's childhood trauma or youth were contributing factors in the offense. (Senate Bill 567; Stats. 2021, ch. 731, § 1.3.) The term "youth" in section 1170, subdivision (b)(6)(B) is found in section 1016.7, subdivision (b). Section 1016.7 was added by Assembly Bill 124 and provides that "[a] 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed." (Stats. 2021, ch. 695.)

Here, defendant, who was 22 years old at the time of the offense and had suffered extensive childhood trauma, argues he is entitled to resentencing in light of the changes to sections 1170 and 1170.1. The People do not disagree with the applicability of these changes to nonfinal judgments on appeal, but contend that defendant's judgment was "final." We disagree.

We are not convinced by the People's assertion that when the trial court could no longer impose the section 12022.53 enhancements under subdivision (e), its election to impose the enhancements under subdivision (d) should be characterized as a "nonsubstantive change" to the subdivision of the enhancements. As this court explained in the prior appeal, although the penalty is the same under subdivision (d), a key finding—gang benefit—changed.[3] (§ 12022.53, subd. (d).) Nor is this a case in which the defendant had already been subjected to the maximum term. (*People v. Buycks, supra*, 5 Cal.5th at p. 896, fn. 15) Unlike the defendant in *Buycks*, here, following the

---

[3] Moreover, while the trial court imposed the enhancements under subdivision (d), the court also had the authority to impose the enhancements under subdivisions (b) or (c) if it so chose (see *People v. Tirado* (2022) 12 Cal.5th 688, 697 [court has authority to strike a section 12022.53, subdivision (d) enhancement and impose an enhancement for a lesser term under subdivisions (b) or (c) regardless of whether they were charged]), further supporting that the court did exercise discretion in resentencing defendant.

invalidation of the section 12022.53, subdivision (e) terms, defendant was no longer sentenced to the maximum allowable sentence.

Accordingly, we concur with defendant. Because he was *resentenced* on remand and has timely appealed that judgment, he is entitled to retroactive application of the ameliorative changes brought about by Senate Bill 567. (*People v. Padilla* (2022) 13 Cal.5th 152, 160-163; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; *People v. Walker, supra*, 67 Cal.App.5th at pp. 206-207.)

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded for resentencing consistent with the changes brought about by Senate Bill 567.[4] Given that a new abstract of judgment will be generated as a result of those proceedings, we find it unnecessary to address defendant's complaints concerning the accuracy of the previous abstracts, but highlight that he may directly request correction of those documents, if needed, from the trial court on remand. Defendant's judgment of conviction remains otherwise unaltered by this opinion.

                                         KRAUSE                , J.


We concur:


          HULL                , Acting P. J.


          MAURO              , J.

---

[4] We recognize defendant's ability on remand to argue that other ameliorative legislation may apply to his resentencing proceedings. However, because the changes brought about by Senate Bill 567 require remand, we find it unnecessary to explore what the scope of those provisions may be.

10